Filed 12/19/24; Certified for Publication 1/8/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JEANIE REESE, as Conservator, etc.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. ET AL.,<br><br>    Defendants and Respondents. | A167637<br><br>(Solano County<br>Super. Ct. No. FCS048090) |

Plaintiff Jeanie Reese, as the conservator for Leoma Musil, sued Select Portfolio Servicing, Inc. (SPS) and other defendants for violating the Homeowner's Bill of Rights (Civil Code[1], § 2923.4

---

[1] All further statutory references are to the Civil Code unless otherwise specified. The relevant facts in this case transpired in 2016, so if a statute has been amended since that time, we cite to the version in effect in 2016 and refer to it as the former statute. Some of these statutes expired or reverted to different versions in 2018 pursuant to sunset provisions. (See, e.g., former § 2923.6, subd. (k).) However, the Legislature consolidated and reenacted the pre-2018 versions of the statutes, with minor changes, effective January 1, 2019. (Legis. Counsel's Dig., Sen. Bill No. 818 (2017–2018 Reg. Sess.) Stats. 2018, Summary Dig., p. 95.) The Legislature's reenactment included a

1

et seq. (HBOR)) and California's Unfair Competition Law (Bus. &
Prof. Code, § 17200 et seq. (UCL)).  In a previous appeal, we
reversed the trial court's grant of summary judgment, finding a
triable issue of material fact concerning whether SPS violated
former section 2923.6 by recording a notice of trustee's sale while
a loan modification application was pending.  (*Reese v. Select
Portfolio Servicing, Inc.* (Sept. 14, 2020, A155500) [nonpub.
opn.].)

On remand, after Reese amended her complaint, the trial
court sustained defendants' demurrer without leave to amend.
The trial court ruled that SPS had not violated former section
2923.6 because it recorded a new notice of trustee's sale and sold
the property more than a year after it denied the loan
modification application and Reese's subsequent appeal of that
denial.  We agree with the trial court that the face of the
complaint shows SPS's new notice of trustee's sale cured any
previous violation of former section 2923.6 and made the
violation immaterial in any event.  We therefore affirm the
judgment.

## BACKGROUND

" 'Because this case comes to us at the demurrer stage, we
take as true all properly pleaded material facts — but not
conclusions of fact or law.' " (*Turner v. Victoria* (2023) 15 Cal.5th
99, 109.)

---

savings clause stating the Legislature intended that claims under
the pre-2018 versions of the HBOR be allowed to proceed.  (Stats.
2018, ch. 404, § 26.)

In 2005, Musil executed a deed of trust for a mortgage on a property in Vacaville. SPS was the servicer for the loan.[2] In 2010, Musil's niece, Reese, was appointed as Musil's conservator.[3]

In August 2014, a notice of default was recorded on the property. On September 14, 2016, a notice of trustee's sale was recorded. On September 23, 2016, Reese applied to SPS for a loan modification. On September 27, 2016, SPS sent Reese a document telling her that the application was not complete and that she needed to submit additional documents and information. Reese spoke to an SPS employee, who told her the application would be complete once Reese submitted certain additional documents. Reese timely submitted the requested documents to complete the application.

On November 10, 2016, a second notice of trustee's sale was recorded.

On November 11, 2016, SPS sent Reese a letter stating that it had not evaluated her account for loss mitigation and had closed her request for review because it had not received all the documents necessary to complete her loss mitigation application. SPS told Reese she had the right to appeal the non-approval by submitting a written explanation of why she believed SPS's determination was incorrect within 30 days. Reese appealed the

---

[2] For simplicity, we focus on SPS's role in the events of this case, even though some actions, such as the recording of notices, were taken by other defendants.

[3] Reese took all of her actions at issue in this case on Musil's behalf as her conservator, so for simplicity we omit further mention of Reese's role as Musil's conservator.

decision on November 29, 2016. On December 3, 2016, SPS denied her appeal, repeating that it could not approve a loan modification because it had not received the required documents within the specified time. SPS also told Reese that the foreclosure sale would occur on December 12, 2016.

On December 6, 2016, Reese filed this action against SPS and other entities, alleging, as relevant here, that SPS violated former section 2923.6 by recording the notice of trustee's sale while her loan modification application was pending. (*Reese v. Select Portfolio Servicing, Inc.*, *supra*, A155500.)

On May 31, 2018, a third notice of trustee's sale was recorded on the property.

In June 2018, the trial court granted defendants' motion for summary judgment on Reese's complaint. Reese appealed. (*Reese v. Select Portfolio Servicing, Inc.*, *supra*, A155500.)

In August 2018, SPS recorded a trustee's deed upon sale of the property.

In September 2020, this court reversed the grant of summary judgment as to the alleged violation of former section 2923.6. (*Reese v. Select Portfolio Servicing, Inc.*, *supra*, A155500.) We held that there was a triable issue of material fact concerning whether Reese had submitted a complete loan modification application before SPS recorded the second notice of trustee's sale in November 2016. (*Ibid.*)

Reese amended her complaint upon remand. The operative complaint is limited to Reese's allegations that SPS violated former section 2923.6 and, by extension, the UCL by recording

4

the second notice of trustee's sale in November 2016, after she had submitted a complete loan modification application and before SPS had determined whether she was eligible for the modification. The trial court sustained defendants' demurrer without leave to amend and entered a judgment of dismissal. It ruled that SPS had not violated former section 2923.6 because it recorded a new notice of trustee's sale and sold the property more than a year after it denied the loan modification application and Reese's subsequent appeal of that denial.

## DISCUSSION

"In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory. [Citation.] Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

Former section 2923.6, subdivision (c) stated, "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's

5

sale until any of the following occurs: [¶] (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired. [¶] (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer. [¶] (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification." Former section 2923.6, subdivision (d) provided a borrower 30 days to appeal the written denial of a loan modification. Former section 2923.6, subdivision (e) then provided that if a borrower's loan modification application is denied, then the mortgage servicer shall not record a notice of sale or conduct a sale until the later of 31 days after the denial of the application, the later of 15 days after the denial of an appeal or 14 days after the borrower declines a loan modification offer after appeal, or the date on which a borrower fails to make the first payment or otherwise breaches the offer.

Reese argues her complaint stated a cause of action under former section 2923.6 because she alleged that she submitted a loan modification application in September 2016 and that a notice of trustee's sale was recorded in November 2016 before SPS made a written determination that she was not eligible for a loan modification. We concluded in the prior appeal that there was a dispute of fact about whether Reese had submitted a complete loan modification application. (*Reese v. Select Portfolio Servicing, Inc.*, *supra*, A155500.) The issue was material because

6

if she had, then the recording of the November 10, 2016, notice of trustee's sale on the day before SPS closed her loan modification request for lack of documents could have constituted a violation of former section 2923.6. (*Ibid.*) Because the allegations in Reese's complaint track the discussion in our prior opinion, we agree with Reese that the factual allegations in the complaint support her position that defendants violated former section 2923.6 as of November 10, 2016.

However, this is not the end of the matter because the factual allegations in Reese's operative complaint do not end in November 2016. The complaint goes on to allege that after SPS closed her loan modification application on November 11, 2016, for lack of required documents, Reese appealed the decision. SPS denied the appeal on December 3, 2016, repeating its statement that it had not received the required documents. SPS then apparently did nothing of substance until a new notice of trustee's sale was recorded in late May 2018, about 18 months after the denial of Reese's appeal. SPS subsequently recorded a trustee's deed upon sale of the property in August 2018.

These allegations change the picture and defeat Reese's argument that the complaint as a whole states a claim for violation of former section 2923.6. Former section 2924.12, subdivision (c) stated, "A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf

7

prior to the recordation of a trustee's deed upon sale." As a matter of law, the November 2016 notice of trustee's sale was valid for only one year. (§ 2924g, subd. (c)(2) ["In the event that the sale proceedings are postponed for a period or periods totaling more than 365 days, the scheduling of any further sale proceedings shall be preceded by giving a new notice of sale"].) Indeed, as the trial court noted, the complaint alleges that SPS allowed the November 2016 notice to lapse by not conducting a trustee's sale for more than a year, then recording a new notice of trustee's sale in May 2018 and recording the trustee's deed in August 2018. The May 2018 notice of trustee's sale was recorded well more than 15 days after SPS's December 3, 2016, denial of Reese's appeal of the denial of her loan modification application. Reese's loan modification application was therefore no longer "pending" (former § 2923.6, subd. (c)) as of May 2018. (Cf. *Billesbach v. Specialized Loan Servicing LLC* (2021) 63 Cal.App.5th 830, 849 (*Billesbach*) [loan modification was no longer "pending" under former section 2923.6, subdivision (c) after borrower rejected an offer of a loan modification by failing to accept it before it expired by its terms].)[4] The complaint

---

[4] Reese distinguishes *Billesbach* on the basis that the borrower's loan modification application there was no longer pending because the mortgage servicer granted it, while SPS incorrectly rejected her application for lack of documents. Reese is correct that *Billesbach* is not directly on point for this reason. But *Billesbach* nonetheless demonstrates that section 2923.6 is only violated when a mortgage servicer takes certain actions while a loan modification application is pending, so it supports our conclusion that SPS corrected and remedied the November

8

therefore demonstrates that "prior to the recordation of a trustee's deed upon sale" (former § 2924.12, subd. (c)) in August 2018, SPS "corrected and remedied" (*ibid.*) the November 2016 violation of former section 2923.6 within the meaning of former section 2924.12, subdivision (c) by letting the November 2016 notice of trustee's sale lapse and recording a new notice. Pursuant to former section 2924.12, subdivision (c), therefore, defendants are not liable for the November 2016 violation Reese alleges. (See *Billesbach v. Specialized Loan Servicing, LLC, supra*, 63 Cal.App.5th at p. 845 [citing section 2924.12, subdivision (c) and noting, "[b]y the statute's terms, a temporary disruption of the normal foreclosure process that is corrected and causes no lasting harm to the borrower's rights will give rise to no liability"].)

Reese resists this conclusion by arguing that the complaint does not allege that SPS made a written determination on the merits that she was not eligible for a loan modification, which was necessary under former section 2923.6, subdivision (c)(1) to allow defendants to record a notice of trustee's sale or conduct a sale following her loan modification application. Reese points out that SPS's initial denial letter said, "[W]e did not evaluate this account for loss mitigation and have closed this request for review" because it had not received the required documents. According to Reese, SPS determined only that she did not submit

_____

2016 dual tracking violation when it definitively rejected Reese's loan modification application and, much later, filed a new notice of trustee's sale.

9

documents (which she alleges she submitted), not that she was substantively ineligible for a loan modification. Reese therefore maintains that her loan modification application remained pending after November 2016, so the complaint does not support defendants' affirmative defense that the May 2018 notice of trustee's sale, about 18 months later, cured the violation of former section 2923.6, subdivision (c).

The distinction Reese draws between a procedural denial of a loan modification application and one "on the merits" has no basis in the statute. As relevant here, former section 2923.6 required a mortgage servicer to determine in writing that a "borrower is not eligible for a first lien loan modification" before moving forward with foreclosure proceedings by recording a notice of default or notice of trustee's sale or conducting a sale. (Former § 2923.6, subd. (c)(1).) The statute aimed to prevent mortgage servicers from " 'dual tracking,' a practice that, described broadly, occurs when a lender or servicer pursues foreclosure while simultaneously going through the motions of reviewing a borrower's application for foreclosure mitigation, without a good faith intent to entertain the application." (*Morris v. JPMorgan Chase Bank, N.A.* (2022) 78 Cal.App.5th 279, 296.) The statute was concerned with sequencing, requiring mortgage servicers to come to a final determination on a loan modification application before moving on to foreclosure proceedings. Former section 2923.6, subdivision (c) did not distinguish between the possible bases for denying a loan modification application. SPS made clear in its letters and notices to Reese that it had closed

her loan modification application and would not be taking further action on it, so it complied with former section 2923.6's sequencing requirement. If the law were as Reese contends and a servicer could move forward with foreclosure only after evaluating a loan modification application on the merits, a borrower could forever prevent a mortgage servicer from proceeding with foreclosure by submitting a loan modification application without the necessary documents. Former section 2923.6 did not support such a result.

Reese's operative complaint alleges that she had, in fact, submitted the required documents to support her application. We credit that factual allegation, as we must at the demurrer stage, which means that we must conclude that SPS's rationale for closing (and thereby denying) her application was wrong. But this makes no difference. Her submission of a complete application only obligated SPS to issue a written determination on whether that application showed she was eligible for a loan modification. Reese points to nothing that obligated SPS to make its eligibility determination correctly or reasonably. (Cf. *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905, 915 [lenders owe borrowers no tort duty to review and respond to loan modification applications with due care].) Under former section 2923.6, SPS could deny Reese's application and determine she was ineligible for a modification because her application was incomplete, even if that determination was erroneous, so long as it issued the determination in writing and before recording a notice of

11

trustee's sale and subsequent trustee's deed — which, according to the complaint, is precisely the sequence of events in this case.

Reese contends that allowing a mortgage servicer to record a notice of sale without evaluating a loan modification on the merits will incentivize servicers to ignore loan modification applications and simply wait to move forward with foreclosure at a later date. If Reese had applied for a loan modification, and then SPS recorded a notice of trustee's sale, ignored Reese's application for a year, and recorded a new notice of trustee's sale, it seems doubtful that SPS would have cured the violation of former section 2923.6. In such a scenario, the application might have remained pending, notwithstanding the passage of time between application and the new notice. But we need not and do not decide whether a complaint alleging such facts would state a cause of action under former section 2923.6 because that is not what occurred here. SPS did not ignore Reese's application. SPS gave notice of its determination that it was not approving the application because it was incomplete and that it denied Reese's appeal for the same reason. Reese could not have been under any misapprehension that SPS was still considering her application after the November 11, 2016, letter informing her of this or after the December 3, 2016, denial of her appeal. She certainly could not have believed SPS was still considering her application 18 months later when the May 2018 notice of trustee's sale was recorded. Defendants did not engage in dual tracking and therefore did not violate former section 2923.6.

12

In a separate argument, SPS points out that the HBOR only imposes liability for a "material violation" of section 2923.6. (§ 2924.12, subd. (b); *Billesbach*, *supra*, 63 Cal.App.5th at pp. 837, 845.) " 'A material violation is one that affected the borrower's loan obligations, disrupted the borrower's loan-modification process, or otherwise harmed the borrower' " in her efforts to be considered for a loss mitigation option. (*Morris v. JP Morgan Chase Bank, N.A., supra,* 78 Cal.App.5th at p. 304 & fn. 14.) SPS argues that the lapse of the November 2016 notice of sale and issuance of the new notice of sale in May 2018 meant that the dual tracking violation in November 2016 did not affect Reese's loan obligations, disrupt the loan modification process, or otherwise harm Reese in her attempts to avoid foreclosure. SPS therefore concludes the violation was not material.

We agree that the trial court properly sustained SPS's demurrer on this basis as well. Regardless of whether SPS corrected and remedied the dual tracking violation under former section 2924.12, subdivision (c) by rejecting Reese's loan modification application and appeal and issuing a new notice of trustee's sale, the 18-month delay until SPS re-initiated foreclosure proceedings against Reese rendered the November 2016 dual tracking violation immaterial. That delay in this case meant that the dual tracking violation did not harm Reese in any meaningful sense in her efforts to avoid foreclosure.

Reese insists that SPS's November 2016 dual tracking violation was material because it disrupted her loan modification process. She contends the stated rationale for closing the

application, that it was incomplete, prevented her from appealing the decision because it rested on the factually incorrect premise that she had not provided the necessary documents. This argument fails on its own terms. Former section 2923.6, subdivision (d) allowed a borrower to appeal the denial of a loan modification application "and to provide evidence that the mortgage servicer's determination was in error." Reese could have shown in her appeal that SPS's ruling was mistaken because she had previously supplied the documents SPS claimed were missing. SPS's reason for not approving Reese's application did not make her appeal ineffective. Moreover, the 18-month delay gave Reese ample time to avoid foreclosure by refinancing the loan or selling the property. SPS's November 2016 violation of former section 2923.6, subdivision (c) thus had no material effect on Reese.[5]

---

[5] At oral argument, Reese suggested for the first time that our prior opinion's holding that she had sufficient evidence of standing for her UCL claim in the prior complaint conclusively establishes the materiality of the November 2016 dual tracking violation alleged in the now-operative complaint. She also argued for the first time that even if defendants' actions did not violate the HBOR, her current UCL claim survives because defendants' actions were unfair. Because Reese did not raise these arguments in her briefing, we need not consider them. (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 997 [" ' "We do not consider arguments that are raised for the first time at oral argument" ' "].)

14

Because Reese does not suggest any possible amendment that could cure the defect in her complaint, the trial court properly sustained defendants' demurrer without leave to amend.

## DISPOSITION

The judgment is affirmed.


                                                    BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.


*Reese v. Select Portfolio Servicing, Inc. et al.* (A167637)

**CALIFORNIA COURT OF APPEAL**
**FIRST APPELLATE DISTRICT**
**DIVISION FOUR**


JEANIE REESE, as Conservator, etc.,
     Plaintiff and Appellant,
v.
SELECT PORTFOLIO SERVICING, INC. ET AL.,
     Defendants and Respondents.


A167637
Solano County
Sup. Ct. No. FCS048090


BY THE COURT:

     Selene Finance's request for publication of this court's December 19, 2024, opinion is granted.  The Reporter of Decisions is directed to publish said opinion in the Official Reports.




Date:   1/8/2025          _____P. J.
                                    J. Brown